# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| In re<br><br>S&G Hospitality, Inc., *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 2:23-BK-52859<br><br>Judge Nami Khorrami |
| Lancaster Hospitality, LLC,<br><br>                        Plaintiff.<br>   v.<br><br>Hilton Franchise LLC,<br><br>                        Defendant. | Adv. Pro. 24-ap-02024 |

**HILTON FRANCHISE LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now comes defendant Hilton Franchise LLC ("Hilton Franchise" or "Defendant"), by and through its counsel, and hereby moves this Court to dismiss the complaint filed by plaintiff Lancaster Hospitality, LLC ("Lancaster" or "Plaintiff"). Grounds for this motion are set forth in the memorandum in support that follows.

Respectfully submitted,

**K&L GATES LLP**

*/s/ Caitlin C. Conklin*
Caitlin C. Conklin, Esq. *(admitted pro hac vice)*
Daniel M. Eliades, Esq. *(admitted pro hac vice)*

---

[1] The Debtors and the last four digits of their federal tax identification numbers are as follows: S&G Hospitality, Inc. (4566), Buckeye Lodging, LLC (6047), Lancaster Hospitality, LLC (8830), and Sunburst Hotels, LLC (0374). The Debtors' headquarters is located at 7500 Vantage Drive, Columbus, Ohio 43235.

318346464.3

One Newark Center, 10th Floor
1085 Raymond Boulevard
Newark, New Jersey 07102
Telephone: (973) 848-4018
Email: daniel.eliades@klgates.com
Email: caitlin.conklin@klgates.com
*Attorneys for Hilton Franchise Holding LLC*

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

Lancaster filed the instant one count complaint against Hilton Franchise seeking a declaratory judgment that "Lancaster can assume the Franchise Agreement without the consent of Hilton so long as it is not also then seeking to assign the contract to a third-party." ECF No. 1. It is critical to note that Lancaster does not seek to actually assume the Franchise Agreement. Instead, Lancaster seeks an advisory opinion concerning the rights of Hilton Franchise *if* Lancaster moves to assume the Franchise Agreement at some unknown time under some undetermined circumstances and terms.

Lancaster's Complaint for Declaratory Relief (the "Complaint") should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because it does not present a justiciable case or controversy as required by Article III of the United States Constitution. The Complaint fails to allege an actual, imminent dispute between the parties, but instead seeks an improper advisory opinion based on speculation about a potential future transaction that may never materialize. Absent a concrete controversy, Lancaster lacks standing to maintain this action and the Court lacks subject matter jurisdiction to grant the relief sought.

### II.     FACTS ALLEGED IN THE COMPLAINT

On February 27, 2015, Lancaster entered into a Franchise Agreement with Hampton Franchisor (the "Franchise Agreement"). Compl. ¶ 11. Hilton Franchise has not declared a default

318346464.3

under the Franchise Agreement, sought to terminate it, or otherwise interfered with Lancaster's rights as a franchisee. Lancaster has continued operating as a Hampton Inn® post-petition without interruption, remained in good standing with Hilton Franchise, and paid all required fees. Compl. ¶¶ 21-22. Lancaster is seeking a declaratory judgment that "Lancaster can assume the Franchise Agreement without the consent of Hilton so long as it is not also then seeking to assign the contract to a third-party." Compl. ¶ 34. There is no allegation in the Complaint that Lancaster has sought to assume the Franchise Agreement. In fact, Lancaster has not filed a motion to assume the Franchise Agreement.

### III.     ARGUMENT

The Complaint must be dismissed under Rule 12(b)(1). The burden of establishing standing lies with Lancaster, who must allege facts demonstrating a genuine case or controversy. The Complaint does not meet this standard. While Lancaster hypothesizes about *potential* future events that *could* give rise to a dispute, Article III demands more. Because the Complaint fails to allege a concrete, imminent controversy between the parties, Lancaster lacks standing and instead, seeks an improper advisory opinion from this Court.

      **a.     Lancaster's Complaint fails to allege a justiciable case or controversy; thus, Lancaster has no standing.**

Lancaster's Complaint for a declaratory judgment should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because it does not present a justiciable case or controversy. As a prerequisite for the exercise of federal judicial subject matter jurisdiction, a plaintiff must establish the requirements of a "case or controversy" under Article III of the United States Constitution. *See In re Cannon,* 277 F.3d 838, 852 (6th Cir. 2002). To establish a "case or controversy," plaintiffs have the burden of demonstrating the following: (1) injury in fact; (2) an injury that is traceable to the conduct of the Defendant; and (3) a substantial likelihood of redressability. *In re Cannon* (citing

318346464.3

*Grendell v. Ohio Sup. Ct.,* 252 F.3d. 828, 832 (6th Cir. 2001)). The "case or controversy" jurisdictional requirement of Article III of the United States Constitution applies to declaratory judgment actions in bankruptcy court. *Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 853 (3d Cir. 1996); *In re Rosenfeld*, 698 Fed. App'x 300, 303 (6th Cir. 2017) ("And the case-or-controversy requirements of Article III apply to adversary proceedings brought in bankruptcy courts, even though bankruptcy courts are not Article III courts themselves") (citing *Stevenson v. J.C. Bradford & Co.* (*In re Cannon*), 277 F.3d 838, 852-54 (6th Cir. 2002)). Here, the Complaint fails to meet this foundational requirement, as Lancaster has not alleged facts showing an actual "injury in fact" or any controversy between the parties warranting declaratory relief. *See Columbus Cmty. Cable Access, Inc. v. Luken*, 923 F. Supp. 1026, 1028 (S.D. Ohio 1996) (dismissing plaintiff's complaint seeking declaratory judgment because plaintiff's alleged injury was conjectural, thus lacked standing).

Here, Lancaster merely speculates about a *potential* future dispute with Hilton Franchise over whether Lancaster can assume the parties' Franchise Agreement in bankruptcy without Hilton Franchise's consent. However, the Complaint contains no allegations that Lancaster seeks to assume the Franchise Agreement or that Hilton Franchise has prevented or taken steps to prevent Lancaster from assuming the Franchise Agreement. The law is clear that assertions about what might happen do not establish an injury that is concrete and particularized. *Nat'l All. for Mentally Ill, St. Johns Inc. v. Bd. of Cnty. Comm'rs of St. Johns Cnty.,* 376 F.3d 1292, 1294 (11th Cir. 2004).

According to the Complaint, Hilton Franchise has not declared a default under the Franchise Agreement, sought to terminate it, or otherwise interfered with Lancaster's rights as a franchisee. To the contrary, Lancaster alleges it has continued operating as a Hampton Inn post-petition without interruption, remained in good standing with Hilton Franchise, and paid all

required fees. Compl. ¶¶ 21-22. The Complaint further alleges that Lancaster has maintained high service standards and consistently passed Hilton Franchise's quality inspections. *Id.* ¶ 22. Nothing in Lancaster's allegations suggests an actual, imminent controversy between the parties. *In re Krause*, 414 B.R. 243, 247-48 (Bankr. S.D. Ohio 2009) (dismissing claim for declaratory relief because no case or controversy existed).

Lancaster's filing of the Complaint is merely a response to Hilton Franchise filing a Motion for Relief from Stay (the "Stay Relief Motion") in an unrelated bankruptcy case involving a different franchisee/debtor, Hilliard Hotels, LLC. Hilton Franchise's Stay Relief Motion in another bankruptcy case does not create a concrete dispute with Lancaster in this bankruptcy proceeding. The Complaint does not allege that Hilton Franchise has asserted this same position against Lancaster. Therefore, Lancaster fails to show it faces an actual or imminent injury, as opposed to a purely hypothetical one. *Columbus Cmty. Cable*, 923 F. Supp. at 1028-29 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Lancaster's desire for an advance judicial interpretation of section 365(c) of the Bankruptcy Code to alleviate its uncertainty about its ability to assume the Franchise Agreement does not suffice to create a justiciable controversy. *In re Krause*, 414 B.R. at 260 (citing *Resnick v. Patton*, 258 F. App'x 789, 792-93 (6th Cir. 2007)). If the mere *possibility* that a party *might* take a contrary legal position *in the future* were enough, the actual case or controversy requirement would be rendered meaningless. 28 U.S.C. § 2201 (declaratory judgments may only be entered in "a case of actual controversy"). Otherwise, parties to a contract could always seek a declaratory judgment regarding their rights in case a dispute arises later. *See Momentive Specialty Chems., Inc. v. Chartis Specialty Ins. Co.*, No. 2:11-cv-00583, 2012 WL 832288, at *6 (S.D. Ohio Mar. 12, 2012) ("A declaratory judgment is not appropriate where the court is called to consider speculative

318346464.3

or hypothetical matters"). Because no actual case or controversy exists, Lancaster's Complaint must be dismissed.

        **b.**        **Lancaster seeks an improper advisory opinion.**

The lack of any real and immediate dispute here is further underscored by the purely advisory nature of the relief sought. Lancaster does not allege it is presently seeking to assume the Franchise Agreement as part of a proposed plan or otherwise. Instead, Lancaster wants an opinion on whether it *could* assume in the future without Hilton Franchise's consent *if* Hilton Franchise were to object at that time.

Federal courts are not authorized under Article III to render advisory opinions on such contingent, uncertain future events. *See In re Krause*, 414 B.R. at 260; *Champion Int'l, Inc. v. Tech. Dev. Corp.*, No. C-2-92-0001, 1992 WL 315200, *1 (S.D. Ohio June 30, 1992) ("It is axiomatic that federal courts do not sit to render advisory opinions. Thus, the Declaratory Judgment Act requires the existence of an actual case or controversy between the parties before a federal court can constitutionally assume jurisdiction"); *see also In re FedPak Sys., Inc.*, 80 F.3d 207, 211-12 (7th Cir. 1996) ("A bankruptcy court, like any other federal court, lacks the constitutional power to render advisory opinions or to decide abstract, academic or hypothetical questions").

Granting declaratory relief now would be premature, as it would not conclusively resolve any live controversy between the parties. Instead, it would amount to an impermissible advisory opinion on a hypothetical legal question that may never actually arise in this case. *In re Krause*, 414 B.R. at 247-48. Lancaster cannot manufacture jurisdiction by asserting declaratory judgment "would be helpful" "for the proper administration" of its bankruptcy case and to formulate a Chapter 11 plan. Compl. ¶ 38. A justiciable controversy cannot be created by simply claiming it "would be helpful" to obtain a judicial decision on a legal issue that might become relevant to the

318346464.3

case at some undetermined point in the future. *Id.*; *see also In re Krause*, 414 B.R. at 247-48. Adopting such a relaxed standard would eviscerate the case or controversy requirement, as it would allow parties to seek advisory opinions on a wide range of bankruptcy-related legal issues based on mere speculation that judicial guidance might prove useful. The Complaint therefore fails to invoke this Court's jurisdiction and must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Hilton Franchise respectfully submits that Lancaster's Complaint fails to allege a justiciable case or controversy as required for this Court's jurisdiction under Article III. Lancaster seeks an improper advisory opinion untethered to any actual dispute between the parties. The Complaint should therefore be dismissed under Rule 12(b)(1) for lack of standing and subject matter jurisdiction. Hilton Franchise requests that the motion be granted in its entirety.

Dated this 9th day of May, 2024.

Respectfully submitted,

**K&L GATES LLP**

*/s/ Caitlin C. Conklin*
Caitlin C. Conklin, Esq. *(admitted pro hac vice)*
Daniel M. Eliades, Esq. *(admitted pro hac vice)*
One Newark Center, 10th Floor
1085 Raymond Boulevard
Newark, New Jersey 07102
Telephone: (973) 848-4018
Email:  daniel.eliades@klgates.com
Email:  caitlin.conklin@klgates.com
*Attorneys for Hilton Franchise Holding LLC*

318346464.3

## **NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Hilton Franchise LLC has filed papers with the Court seeking to dismiss the Plaintiff's complaint.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Motion, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the Motion,** you or your attorney must file with the Court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215 OR your attorney must file a response using the Court's ECF system.

The court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by 1) the Court's ECF system, or by 2) regular U.S. Mail to:

> Daniel M. Eliades, Esq. *(admitted pro hac vice)*
> Caitlin C. Conklin, Esq. *(admitted pro hac vice)*
> One Newark Center, 10th Floor
> 1085 Raymond Boulevard
> Newark, New Jersey 07102
> Email:  daniel.eliades@klgates.com
> Email:  caitlin.conklin@klgates.com
> *Attorneys for Hilton Franchise Holding LLC*

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief without further notice or hearing.

318346464.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of May, 2024, a copy of the foregoing MOTION OF HILTON FRANCHISE LLC TO DISMISS THE PLAINTIFF'S COMPLAINT was served electronically on the date of filing through the court's ECF system on all ECF participants registered in this case at the email address registered with the Court:

- David Alan Beck on behalf of Plaintiff Lancaster Hospitality, LLC
  beck@carpenterlipps.com

And on the 9th day of May, 2024, upon the following via U.S. Mail, first class mail, postage prepaid and upon the parties on the attached Matrix:

David Alan Beck
Carpenter Lipps LLP
280 North High Street
Suite 1300
Columbus, OH 43215
(Attorney for Plaintiff)

> /s/ Caitlin C. Conklin
> Caitlin C. Conklin, Esq. *(admitted pro hac vice)*
> K&L Gates LLP
> One Newark Center, 10th Floor
> 1085 Raymond Boulevard
> Newark, New Jersey 07102
> Telephone: (973) 848-4049
> Email:  Caitlin.conklin@klgates.com
> *Attorneys for Hilton Franchise Holding LLC*

318346464.3